THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIWANDA HENRY, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 22 C 4528 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LiWanda Henry, an employee at Defendant Ford Motor Company's assembly plant, sustained injuries in a workplace accident. Henry's injuries limited her ability to perform manual labor. When Henry returned to work from medical leave, her supervisor chastised her because of her physical limitations. Soon after, Ford suspended Henry—refusing to give her work she could perform despite her limitations. After Henry complained, Ford fired her. Henry sued Ford, alleging disability discrimination and retaliation. (Dkt. 1-1). Ford now moves to dismiss Henry's Complaint, arguing failure to exhaust administrative remedies. (Dkt. 9). For the reasons below, Ford's motion is granted.

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Henry's Complaint (Dkt. 1-1) and are assumed true for purposes of Ford's motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). While working at Ford's Chicago assembly plant, Henry sustained injuries in a workplace accident (Dkt. 1-1 at ¶ 21). She suffered herniated discs, a torn rotator cuff, and damaged nerves—injuries which prevented her from lifting overhead

1

or above her chest, pushing or pulling, or standing for long periods. (*Id.* ¶¶ 23, 25, 27). Because of the accident, Henry took multiple medical leaves of absence from work. (*Id.* at ¶ 22).

When Henry first returned to work, Ford gave her roles that she could perform despite her limitations. (*Id.* at ¶¶ 29–31). She worked, for example, as an inspector and built headlight switches. (*Id.* at ¶ 31). But when Henry returned to work from one of her leaves of absence in mid-2017, she was mocked and "called names including 'winglette' and 'chicken wing.'" (*Id.* at ¶ 34). Henry's supervisor criticized her, asking, "Damn, how long your fucking broke arm been? 3–4 years now?" (*Id.* at ¶ 35). The supervisor also "suggested that she would not be placing [Henry] in a position because of [her] disability." (*Id.* at ¶ 35). A few days later, Ford took Henry off a job she could perform and suspended her. (*Id.* at ¶¶ 36, 38). Because of Henry's disability, Ford told her, there was "no work available." (*Id.*) Yet, a United Auto Workers representative informed Henry's Labor Relations representative that Ford still had jobs which Henry could perform. (*Id.* at ¶ 37).

On several occasions, Henry complained to Ford about disability discrimination and its failure to accommodate her disability. (*Id.* at ¶ 39). Henry also complained to Labor Relations and "Ford's hotline," without success. (*Id.* at ¶ 51). Henry's Labor Relations representative requested a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). (*Id.* at ¶ 53). But Ford "refused to engage [Henry] in an interactive process to determine what reasonable accommodation could help [her] return to work." (*Id.* at ¶ 39). In August 2020, Ford fired Henry. (*Id.* at ¶ 53).

On July 15, 2021—more than 300 days after Henry's firing—Henry filed a charge against Ford with the Illinois Department of Human Rights (IDHR), alleging discrimination, failure to

2

accommodate, and retaliation. (*Id.* at ¶¶ 16–17; Dkt. 10-1).[1] In the IDHR charge, Henry stated that Ford fired her in August 2020. (Dkt. 10-1 at 3–4). The IDHR sent Henry a notice of dismissal on March 9, 2022. (Dkt. 1-1 ¶¶ 18–19; Dkt. 10-2).

Ninety days after the IDHR sent its notice, on June 6, 2022, Henry sued Ford in state court, alleging disability discrimination under the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (IHRA) (Count I) and retaliation under the IHRA (Count II). (Dkt. 1-1 ¶¶ 20–65). Ford removed to federal court. (Dkt. 1). Now, Ford moves to dismiss Henry's Complaint, arguing she has failed to exhaust her administrative remedies. (Dkt. 9).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2020 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the complaint's well-pleaded facts as true, "draw[ing] reasonable inferences in favor of the plaintiff." *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citing *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016)). But the presumption of truth does not extend to "legal

---

[1] On a motion to dismiss, the Court may consider "documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice," including public records. *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020) (quotation omitted); *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Henry's Complaint refers to her IDHR charge, and the charge is central to the Complaint. The IDHR charge is also a public record. So the Court considers it.

conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (quotation omitted); *Iqbal*, 566 U.S. at 681.

## DISCUSSION

Before bringing an ADA or IHRA claim, a plaintiff must exhaust her administrative remedies, first, by filing a charge with the EEOC or the IDHR within 300 days "after the alleged unlawful employment practice occurred." *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (quoting 42 U.S.C. § 2000e-5(e)(1) (Title VII)); 42 U.S.C. § 12117(a) (incorporating Title VII enforcement procedures); *accord* 775 ILCS 5/7A-102(A)(1).[2] The clock starts on that 300-day limit "when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001) (citation omitted). When a plaintiff's complaint makes clear that she has failed to exhaust administrative remedies, dismissal is appropriate. *See McHale v. McDonough* 41 F.4th 866, 872 (7th Cir. 2022) (citing *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009)); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019); *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 640 (7th Cir. 2004).

Here, Ford fired Henry in August 2020. Even if that happened on the last day of the month, the 300-day filing window would have closed after June 27, 2021. Yet, it is apparent from Henry's IDHR charge (attached to Ford's motion to dismiss) that Henry did not file the charge pertinent to her claims until July 15, 2021. That was too late. Next to the untimely IDHR charge—complaining of Ford's conduct culminating in Henry's August 2020 termination—Henry's conclusory allegation that she "filed timely written charges" does not deserve any presumption of truth. (*See*

---

[2] A charge filed with either the EEOC or the IDHR "is deemed cross-filed with the other." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 n.5 (7th Cir. 2019) (quoting *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 902–03 (N.D. Ill. 2011)).

Dkt. 1-1 ¶ 16); *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) ("To the extent that an exhibit . . . referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence." (citing *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007)). In case Henry can somehow demonstrate that she administratively exhausted her claims, the Court will give her the chance to do so. For now, though, she has pleaded herself out of court. Henry's ADA and IHRA claims are dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons above, Ford's motion to dismiss [9] is granted. Henry's Complaint is dismissed without prejudice. Henry may file an amended complaint by 8/1/23 if she is able to do so. Failure to file by that date will result in dismissal with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: July 12, 2023

5